2006 ME 45

**Dianne W. WILEY**

v.

**Thomas J. WILEY.**

Supreme Judicial Court of Maine.

Submitted On Briefs: Feb. 27, 2006.

Decided: May 1, 2006.

———

Stephen A. Canders, Esq., Maine Legal Associates, P.A., Kennebunk, for plaintiff.

Gregory O. McCullough, Esq., Sanford, for defendant.

Panel: CLIFFORD, DANA, ALEXANDER, CALKINS, LEVY, and SILVER, JJ.

DANA, J.

[¶ 1] Thomas J. Wiley appeals from a protection from harassment order entered in the District Court (Biddeford, *Foster, J.*) at the request of Dianne W. Wiley on behalf of their minor daughter. He contends that the court erred in finding that he harassed his daughter because his actions were consistent with his court-ordered rights of visitation and shared parental rights. We agree and vacate the judgment.

## I.  BACKGROUND

[¶ 2] Dianne and Thomas were divorced in 2000. Pursuant to their divorce judgment, they were to share parental rights and responsibilities for their then nine-year-old daughter, although the child's primary residence was to be with Dianne. The divorce judgment incorporated stipulations that set forth a schedule of regular contact between father and daughter.

[¶ 3] Visitation between Thomas and the child occurred regularly until December 2002, when she refused to visit with him.

[¶ 4] Despite her refusals, Thomas continued to show up at her house for his court-ordered visits every Wednesday and every other weekend. He would arrive at the house, would not get out of his car, would not approach the front door, would wait in his car for a short time and then leave. Thomas tried to attend the child's school events, including sporting events, and to volunteer for school events, although the school rarely took him up on his offers. He regularly called the child at home, e-mailed her, and sent her cards and notes, all against her wishes.

[¶ 5] The child told her mother that Thomas was stalking her. She claimed that he followed her and showed up at her school, uninvited. She ripped up the notes her father sent, without reading them, and when he called on the telephone she would tell him that she did not want to talk to him and would hang up. The guardian ad litem reported that the child was experiencing a large amount of stress over the issue of contact with her father, feared her father, and did not trust his judgment. She avoided settings and activities if she thought Thomas would be present. The court found that the child did not want to visit with her father.[1]

[¶ 6] In the spring of 2005, Thomas filed a motion to enforce his right to visit pursuant to the divorce judgment. In an order dated June 6, 2005, the court modified Thomas's parental rights and responsibilities by suspending his visitation rights until September 15, 2006, and allocating the right to decide matters pertaining to his daughter's welfare to Dianne.

[¶ 7] On May 27, 2005, after a hearing on Thomas's motion to enforce, but before the court entered the order suspending Thomas's visitation, Dianne filed a complaint on behalf of her daughter for protection from harassment against Thomas. The court granted a temporary protection from harassment order that day and set a final hearing date. At the final hearing, there was no evidence that Thomas had violated the temporary protection from harassment order or the suspension of his visitation since the issuance of those orders. On June 24, 2005, after his visitation rights had already been suspended, the court granted the protection from harassment order until June 23, 2006, finding that Thomas's actions:

constitute[d] an intentional engagement in a course of conduct directed at [the child] that would cause a reasonable person, and [has] caused [the child], to suffer intimidation, serious inconvenience, annoyance and alarm. The course of conduct consists of [Thomas] repeatedly maintaining a physical proximity to [the child], an activity not protected by the Constitution of Maine, the United States Constitution, or by state [or] federal law.

## II. DISCUSSION

[¶ 8] Thomas contends that the court committed an error of law by ruling that his actions, which were consistent with his reasonable rights of parental contact—showing up for visitation, sending greeting cards, volunteering at his daughter's school, and attending her sporting events—constituted harassment. Thomas argues that because the definition of "harassment" excludes any act protected by law, and because his actions were consistent with his court-ordered parental rights, the court erred by not finding that his actions were protected by law. Dianne asserts that Thomas's actions were not reasonable because they were done against his daughter's wishes.

[¶ 9] We review questions of law de novo. *Desjardins v. Desjardins*, 2005 ME 77, ¶ 5, 876 A.2d 26, 28. The court may grant a protection from harassment order "after a hearing and upon finding that the defendant has committed the harassment alleged." 5 M.R.S. § 4655(1) (2005). "Harassment" is defined, in pertinent part, as:

A. Three or more acts of intimidation, confrontation, physical force or the threat of physical force directed against any person, family or business that are

---

1. Thomas alleged that Dianne was preventing him from having contact with his daughter, but the court found that Dianne did not inter- fere with Thomas's visitation and had made reasonable efforts to get the child to visit with him.

made with the intention of causing fear, intimidation or damage to property. and that do in fact cause fear, intimidation or damage to property;

B. Three or more acts that are made with the intent to deter the free exercise or enjoyment of any rights or privileges secured by the Constitution of Maine or the United States Constitution; or

C. A single act or course of conduct constituting a violation of ... Title 17–A, section[ ] ... 210–A[2] ....

*This definition does not include any act protected by law.*

5 M.R.S. § 4651(2) (2005) (emphasis added).

[¶ 10] There is no doubt that children sometimes need to be protected from their parents; but the issue here is whether Thomas's actions constituted "harassment" from which his daughter needed to be protected. The divorce judgment gave Thomas the legal right to reasonable contact and visitation. We cannot say that Thomas's actions—showing up for his scheduled visitation, calling or writing, and attending school events—were inconsistent with his right to reasonable contact and his shared parental rights and responsibilities. Because all of the conduct in which Thomas engaged was authorized by a court order,[3] it was "protected by law" and, therefore, was not harassment.

The entry is:

Judgment vacated.

---

2. Title 17–A M.R.S. § 210–A(1) (2005) provides, in pertinent part:

1. A person is guilty of stalking if:

A. The actor intentionally or knowingly engages in a course of conduct directed at a specific person that would in fact cause both a reasonable person and that other specific person:

(1) To suffer intimidation or serious inconvenience, annoyance or alarm[.]

3. Although there were some allegations of improper conduct by Thomas, the court made no findings regarding these allegations and did not rely on these allegations in finding harassment.